Question Submitted by: The Honorable Kim David, Chair, Oklahoma Corporation Commission
2024 OK AG 16
Decided: 10/30/2024
Oklahoma Attorney General Opinions
Cite as: 2024 OK AG 16, __ __

 
¶0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following questions:
1. Under Oklahoma law, does an individual Commissioner of the Oklahoma Corporation Commission (Commission) possess the authority to unilaterally commence a case before the Commission?
2. May an individual Commissioner allocate state funds in support of or related to the unilaterally-commenced case, or compel cooperation of Commission employees in the case, without the concurrence of a majority of the Commission?
I.
SUMMARY
¶1 The Commission is made up of three Commissioners. An affirmative vote of at least two Commissioners is necessary for the Commission to take action. A single Commissioner, acting in his or her official capacity, may not unilaterally commence a case before the Commission. Likewise, an individual Commissioner may not unilaterally expend state funds or compel cooperation with his or her unilaterally-initiated case before the Commission.
II.
BACKGROUND
¶2 Article IX, section 15 of the Oklahoma Constitution creates the Commission, which, among its powers and duties, exists to "supervise, regulate and control public service corporations." Sw. Bell Tel. Co. v. Okla. Corp. Comm'n, , ¶ 5, , 1004. The Oklahoma Supreme Court has observed that the Commission is "clothed with legislative, executive and judicial powers," and, as a tribunal of limited jurisdiction, only exercises the powers expressly conferred or by implication through the Oklahoma Constitution. Id.; State ex rel. Edmondson v. Okla. Corp. Comm'n, , ¶ 21, , 873, as corrected (Dec. 10, 1998) (citing Pub. Serv. Co. of Okla. v. State ex rel. Corp. Comm'n ex rel. Loving, , ¶ 21, , 738). Accordingly, the relevant constitutional and statutory grants of authority to the Commission determine whether an individual Commissioner may unilaterally commence a case before the Commission. Id. These sources make it clear that the Commission may act only as a body, and that the rights of a single Commissioner are extremely limited.
III.
DISCUSSION
¶3 The Commission "is an aggregate of [s]tate [o]fficers" comprising three elected commissioners who transact official business in public meetings, and a majority of these commissioners--that is, two--constitutes a quorum. OKLA. CONST. art. IX, §§ 15(A), 18a(B); Crawford v. Corp. Comm'n, , ¶¶ 21, 25, , 809. Enumerated powers the Commission may exercise as a body include the powers of a court of record "[i]n all matters pertaining to the public visitation, regulation, or control of corporations" and the power to administer oaths and compel the attendance of witnesses. OKLA. CONST. art. IX, § 19. The Commission acts only as "an aggregate of [s]tate [o]fficers;" individual members "cannot act otherwise" and "the concurrence of the majority of said Commission shall be necessary to decide any question." Id. § 18a(B); Crawford, , ¶¶ 24--25, 106 P.2d at 809. Accordingly, an individual Commissioner may not exercise the powers of the Commission without the concurrence of at least one other Commissioner.
¶4 This conclusion is reinforced by a previous Attorney General opinion. See (the "1997 Opinion"). There, a former Corporation Commissioner asked if the Oklahoma Constitution authorizes an individual Commissioner to "unilaterally inspect and examine a public utility without first obtaining the concurrence of a majority of the Commission," id. at ¶ 0, as article IX, section 28 provides that "either" Commissioner "shall have the right" to inspect a public service corporation's "books and papers." Id. at ¶ 3 (quoting OKLA. CONST. art IX, § 28). The 1997 Opinion concluded that the Commission must first vote to initiate an action, even when an individual Commissioner is authorized to act, because a concurrence of a majority of the Commission is necessary to enforce compliance. Id. at ¶ 13.
¶5 A recent Oklahoma Supreme Court review further affirms that individual Commissioners are not permitted to exercise the powers of the Commission as a body. See Order at 1, Hiett v. Anthony, No. PR-122441 (Okla. Sup. Ct., Sept. 30, 2024). In that case, the Court refused to recognize the challenged action of an individual Commissioner as action undertaken by the Commission as a body. Id.
¶6 Finally, the Commission's rules support a conclusion that an individual Commissioner may not unilaterally commence a case on behalf of the Commission. OKLA. ADMIN. CODE § 165:5-7-1(b) (the Commission commences a case by order or notice). Given that the Commission acts only as a composite body and through the vote of a majority of Commissioners, and that a vote by the Commission is necessary to effectuate rights explicitly granted to an individual Commissioner, see , it is clear that a single Commissioner is not permitted to commence a case before the Commission. It therefore follows that it is inappropriate and unlawful for state funds to be expended, or for individuals to be compelled to participate, by an individual Commissioner in a unilaterally-initiated case.
¶7 It is, therefore, the official Opinion of the Attorney General that:

1. Oklahoma law does not allow an individual Commissioner, in his or her official capacity, to unilaterally commence a case before the Commission.
2. Likewise, an individual Commissioner's unilateral expenditure of state funds and any attempt to compel cooperation with his or her unilaterally-initiated case before the Commission are not actions of the majority of the Commission and are, therefore, not allowed under Oklahoma law. 
 

GENTNER DRUMMOND
ATTORNEY GENERAL OF OKLAHOMA
KYLE PEPPLER
ASSISTANT SOLICITOR GENERAL
FOOTNOTES
 Any individual person may commence a case before the Commission, but has no authority to expend state funds or compel cooperation. See infra n. 2.
 Because your questions relate only to a Commissioner acting in his or her official capacity and unilaterally on behalf of the Commission, administrative rule provisions setting forth procedures authorizing the general public to commence cases are inapplicable here. See Okla. Admin. Code § 165:5-7-1(b) (a case is commenced upon any person filing an application or complaint); and Okla. Admin. Code § 165:5-1-3 (defining persons as those who can file applications and complaints to mean an "individual, partnership, corporation, association, trust, and every other type of legal entity, including an officer or employee of the Commission.").